MIDDLESEX CONCRETE PRODUCTS AND EXCAVATING CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF, v. THE BOROUGH OF CARTERET IN THE COUNTY OF MIDDLESEX, A MUNICIPAL CORPORATION, AND LOUIS P. BOOZ, DEFENDANTS; UNITED STATES METALS REFINING COMPANY, A NEW JERSEY CORPORATION, FOSTER WHEELER CORPORATION, A NEW YORK CORPORATION, THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, A DELAWARE CORPORATION, THE AMERICAN OIL COMPANY, A MARYLAND CORPORATION, GENERAL AMERICAN TRANSPORTATION CORP., A NEW YORK CORPORATION, GEO. D. EMERY CO., A MAINE CORPORATION, FOOD MACHINERY AND CHEMICAL CORPORATION, A DELAWARE CORPORATION, BENJAMIN MOORE & CO., A NEW JERSEY CORPORATION, VIRGINIA-CAROLINA CHEMICAL CORPORATION, A VIRGINIA CORPORATION, STEVE BABICS, STEVE BABICS, JR., FRANK AND JOSEPHINE CURCY, SIMON AND VELECIA DELI, EDWARD AND MARY HELLEY, JULIA AND AARON KOVACS, MARY KUBICKA; JULIUS AND HELEN POPOVICS, PAUL PROKOP, HARRY W. AND FLORENCE RAPP, FRANK TOTH, STEPHEN AND MARY FABIAN, FRANK S. AND MARY R. TOTH, GEORGE TRAVOSTINO AND GEORGE AND VERONA YUKASZ, APPLICANTS FOR INTERVENTION.

Middlesex County Court
Law Division

Decided October 1, 1953.

*Mr. Melvin J. Koestler* for plaintiff (*Messrs. Koestler & Koestler,* attorneys).

*Mr. John E. Toolan* for defendant Borough of Carteret (*Messrs. Toolan, Haney & Romond,* attorneys).

*Mr. David T. Wilentz* for the defendant Louis P. Booz (*Messrs. Wilentz, Goldman, Spitzer & Sills,* attorneys).

*Mr. Russell E. Watson* for applicants for intervention (*Messrs. R. E. & A. D. Watson,* attorneys).

MORRIS, J. C. C. This is a motion by the above applicants for leave to intervene as defendants in the within action in order to assert certain defenses. The motion is made under *R. R.* 4:37-1, *R. R.* 4:37-3, *R. R.* 4:37-4 and *N. J. S. A.* 2A:15-19. The corporate applicants are the owners of manufacturing plants situated in the Borough of Carteret, Middlesex County, and the aggregate assessment of the corporate applicants equals 56.26% of the total net borough assessment. The individual applicants equal .23% of the total net borough assessments and the aggregate assessments of all said applicants equal approximately 56.5% of the total net borough assessments.

This suit arises out of a contract between the borough and the plaintiff for the construction of certain sewers, pumping stations and sewage treatment plant. The defendant Booz was the consulting engineer retained by the borough for the construction of said project. The plaintiff sues the defendant alleging certain moneys due under the terms of

the contract and also alleges certain other damages caused by certain breaches or other defaults made by the borough and/or its consulting engineer. The statute, *N. J. S. A.* 2A:15–19, reads as follows:

"When, in an action by or against a county or municipality, if in the opinion of the court the interests of the county or municipality would be promoted thereby, the court may, upon terms, allow a taxpayer and resident of the county or municipality to intervene in the action on behalf of 'and prosecute or defend the same in the name of the county or municipality."

*R. R.* 4:37–1 reads as follows:

"Upon timely application anyone shall be permitted to intervene in an action: (a) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (b) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or an officer thereof; or (c) when the applicant is charged as a *particeps criminis* in an action for divorce or nullity of marriage."

*R. R.* 4:37–3 reads as follows:

"Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a state or federal governmental officer or agency, or upon any regulation, order, requirement or ageement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

*R. R.* 4:37–4 reads as follows:

"A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

The former statute, *R. S.* 2:27–33, provides substantially the same as *N. J. S. A.* 2A:15–19. The attorneys of record for

the defendant Borough of Carteret is the firm of Toolan, Haney & Romond, Mr. Toolan appearing. This firm was retained by the borough officials as special counsel to defend this suit. Neither the plaintiff nor the defendants could join any of the applicants as party defendants by complaint or third-party action. It is my opinion that the interest of the municipality is being defended in accordance with the statute and the rules of our court. To permit the applicants to defend in the name of the municipality would be permitting the borough, as a defendant, to have two attorneys of record, which would most likely give the trial judge a more difficult problem in controlling the progress of the trial than trial judges are now faced with in the problems arising in negligence cases where the assured is furnished counsel selected by the insurance companies and the assured also has his personal attorney representing him in claims that are not covered under the provisions of his insurance policy.

I have carefully read all of the pleadings in this suit, the notice of motion of the applicants, and a copy of their proposed answer, and considered the oral argument of counsel for the applicants and of counsel for the respective parties, and am of the opinion that the interests of the municipality would be promoted by the granting of the motion because of the resources of the corporate applicants together with the services of their counsel who has had many years' experience in complicated litigated matters. I am further of the opinion that the municipality's interests will be protected because it has the necessary means and has retained as its special counsel an attorney who has likewise had many years' experience in complicated litigation. When I weigh the interests of the municipality that would be promoted by the granting of the motion of the applicants against the rights of the plaintiff, I am of the opinion that it would be an abuse of discretion by me to grant the motion because it would in all reasonable probability prejudice the proper adjudication of the rights of the plaintiff.

The motion of the applicants for intervention is denied.